917 F.2d 558
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Albert BIGWITCH, Defendant-Appellant.
 No. 90-5478.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1990.
Decided Nov. 5, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, District Judge. (MISC-1061-B)
 Thomas Karlton Knight, Leonard, Biggers & Knight, P.A., argued, Asheville, N.C., for appellant.
 Thomas Richard Ascik, Assistant United States Attorney, argued, Asheville, N.C., for appellee; Thomas J. Ashcraft, United States Attorney, Asheville, N.C., on brief.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Bigwitch was served with a subpoena on September 14, 1989, by a Deputy U.S. Marshal calling for him to appear on September 21, 1989, to testify at his brother's trial for robbery in the United States District Court sitting in Bryson City, North Carolina. The subpoena contained the statement: "This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court." The trial was continued until November 1989, and Bigwitch was sent a follow up letter dated November 9, 1989, by the United States Attorney's Office reminding him that he had previously been served with a subpoena and that he should appear on November 21, 1989, at the federal courthouse in Asheville, North Carolina. The letter told him to contact the U.S. Attorney's Office, which he failed to do.
 
 
 2
 The trial was continued again, and Bigwitch was sent another follow up letter telling him to appear in court in Bryson City on January 17, 1990. A letter of December 29, 1989, from the United States Attorney's Office indicated that Bigwitch's presence was required on a standby basis. He never appeared. On March 5, 1990, he was ordered to show cause why he should not be held in contempt for failure to appear on January 22, 1990. In January of 1990, Bigwitch inquired of the Chief of Police with the Eastern Band of the Cherokee Indians about what to do, having received a letter concerning going to court. He was told that the letter required an answer. None was forthcoming.
 
 
 3
 At the show cause hearing, Bigwitch testified that he failed to appear on January 22, 1990, because he did not have a ride.* The district court held him in criminal contempt and sentenced him to six months imprisonment. Bigwitch appealed.
 
 
 4
 The decision to hold Bigwitch in contempt is measured on appeal by an abuse of discretion standard. 3 Wright, Federal Practice and Procedure: Criminal Sec. 715 (ed.1982). The district court decided that the method used to notify witnesses of continuances was reasonable and that it was not necessary to issue a new subpoena under seal for every witness in every case that is continued for more than a few days. That decision was not an abuse of discretion. Federal Rule of Criminal Procedure Sec. 17(a) provides:
 
 
 5
 A subpoena shall be issued by the clerk under the seal of the court. It shall state the name of the court and the title, if any, of the proceeding, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein....
 
 
 6
 (Emphasis added.) Fed.R.Crim.P. Sec. 17(g) further particularizes the rule by stating:
 
 
 7
 Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued or of the court for the district in which it issued if it was issued by a United States magistrate.
 
 
 8
 The language of Rule 17 convincingly demonstrates why there has been no abuse of discretion. In a subpoena, more than one time and place may be specified. There is a continuous aspect to a subpoena which by its terms remains in effect until the recipient, through receiving leave to depart, knows that the subpoena is no longer in force and effect.
 
 
 9
 Accordingly, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 He later told the court that he did not know he was supposed to appear on that date. Bigwitch lived with his brother, who was the defendant at the trial. It is altogether unlikely that he did not know he was supposed to appear. It appears clear that he sought to avoid testifying for the government against his brother